UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Christopher P. Brewer, and
Erin M. Brewer, f/k/a Erin M. Brewer,

    Debtors.
_____/

Chapter 7

Case No. 17-42672

Hon. Phillip J. Shefferly

### ORDER GRANTING MOTION FOR FINDING OF CONTEMPT FOR FAILURE TO COMPLY WITH A COURT ORDER COMPELLING TURNOVER OF PROPERTY AND GRANTING OTHER RELIEF

On February 28, 2017, the Debtors filed this Chapter 7 case. On April 7, 2017, the Debtors filed a motion to compel (ECF No. 20) ("Motion to Compel") a creditor, Curt Bostwick ("Bostwick") to release a garnishment that he had issued to collect a pre-petition judgment against the Debtors. The Motion to Compel also requested that Bostwick turn over any funds that he garnished post-petition, and requested an award of attorney fees and punitive damages against Bostwick. Bostwick did not respond to the Motion to Compel. On May 1, 2017, the Debtors filed a certificate of no response to the Motion to Compel. Because Bostwick did not respond to the Motion to Compel, the Court inferred that he agreed with the factual allegations made against him in the Motion to Compel. On May 2, 2017, the Court entered an order (ECF No. 22) ("Order") granting the Motion to Compel.

The Order made a finding that Bostwick violated the automatic stay of § 362(a)(1) of the Bankruptcy Code. The Order required Bostwick to pay the Debtors the sum of $2,062.44, representing funds that Bostwick had garnished from the Debtors post-petition on account of his

pre-petition judgment against them. The Order further required Bostwick to pay the Debtors' attorney fees of $2,000.00. Finally, although the Motion to Compel requested punitive damages against Bostwick, the Order denied that request, without prejudice to the Debtors' right to seek additional relief in the event that Bostwick did not comply with the Order.

On May 26, 2017, the Debtors filed a motion (ECF No. 24) ("Contempt Motion") for a finding of civil contempt and for other relief against Bostwick. The Contempt Motion alleges that Bostwick has failed to comply with the Order in that Bostwick has not paid to the Debtors the sums required by the Order and, more importantly, Bostwick has continued to garnish the Debtors post-petition on account of his pre-petition judgment against them. The Contempt Motion seeks a finding of contempt against Bostwick, recovery of any additional funds garnished post-petition, an additional award of attorney fees, an award of punitive damages, and the scheduling of a further hearing to consider additional remedies against Bostwick. Bostwick did not file a response to the Contempt Motion and, on June 14, 2017, the Debtors filed a certificate of no response. Because Bostwick did not file a response to the Contempt Motion, the Court infers that Bostwick agrees with all of the allegations contained in the Contempt Motion.

In order to make a finding if civil contempt, the Court must find that Bostwick had (i) knowledge (ii) of a "definite and specific order of the court" that (iii) required the performance or non-performance of a particular act or acts, and (iv) failure to comply or perform. Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996) (citation omitted).

The uncontested allegations in the Contempt Motion establish that Bostwick had knowledge of the Order, the Order was definite and specific, the Order required the performance of particular

-2-

17-42672-pjs    Doc 28    Filed 06/16/17    Entered 06/16/17 16:51:56    Page 2 of 5

acts, and Bostwick failed to comply with the Order. All of the elements of civil contempt are present.

The uncontested allegations both in the Motion to Compel and in the Contempt Motion also establish that Bostwick has willfully violated the automatic stay of § 362(a)(1), (2) and (6) of the Bankruptcy Code by continuing to garnish the Debtors post-petition on account of a pre-petition judgment that he holds against them, and that the Debtors have been injured by Bostwick's willful violation of the automatic stay, entitling them to an award of attorney fees under § 362(k)(1) of the Bankruptcy Code both for the Motion to Compel and for the Contempt Motion. Finally, Bostwick's conduct, including his willful violation of the automatic stay, his failure to respond to the Motion to Compel, his failure to respond to the Contempt Motion, and his disregard of the Order, in combination, demonstrate that Bostwick does not take seriously the Bankruptcy Code, the Debtors' bankruptcy case, or the Order. See Archer v. Macomb County Bank, 853 F.2d 497, 500 (6th Cir. 1988) (directing that an award of punitive damages under § 362(k) is appropriate if "the bankruptcy court believes that the amount of [ ] actual damages is insufficient to deter . . . deliberate and repeated violations of the automatic stay"). Without an award of punitive damages, Bostwick's past behavior strongly suggests that he is likely to continue to disregard the Bankruptcy Code, the Debtors' bankruptcy case and the Order. Accordingly,

**IT IS HEREBY ORDERED** that the Contempt Motion (ECF No. 24) is granted.

**IT IS FURTHER ORDERED** that the Court finds that Bostwick is in contempt of the Order.

**IT IS FURTHER ORDERED** that Bostwick must immediately terminate any further garnishments of the Debtors' wages and return to the Debtors the sum of $3,517.57, representing

-3-

17-42672-pjs    Doc 28    Filed 06/16/17    Entered 06/16/17 16:51:56    Page 3 of 5

wages garnished by Bostwick post-petition on account of his pre-petition judgment against the Debtors.

**IT IS FURTHER ORDERED** that Bostwick must pay the Debtors an additional $2,000.00 of attorney fees over and above the attorney fees previously awarded by the Order (now bringing the total attorney fees required to be paid by Bostwick to $4,000.00) as damages to the Debtors caused by Bostwick's willful violation of the automatic stay under § 362(k)(1) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that Bostwick must pay the Debtors $2,000.00 as punitive damages because of Bostwick's willful violation of the automatic stay under § 362(k)(1) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that Bostwick may purge the finding of contempt contained in this order by paying all of the sums required to be paid by the Order and by this order no later than **July 21, 2017**. Those sums consist of:

1. $2,000.00 of attorney fees required by the Order;
2. $2,000.00 of attorney fees required by this order;
3. $3,517.57 of post-petition garnished wages; and
4. $2,000.00 of punitive damages

$9,517.57 total

**IT IS FURTHER ORDERED** that if Bostwick timely takes the actions described in this order to purge the finding of contempt, the Debtors must promptly file a declaration so stating. In such event, the Court will enter an order purging the finding of contempt.

**IT IS FURTHER ORDERED** that if Bostwick does not purge the finding of contempt by **July 21, 2017**, Bostwick must attend a hearing to be held on **August 2, 2017 at 10:00 a.m.**, before

the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226, to show cause why the Court should not impose additional remedies in favor of the Debtors and against Bostwick.  Bostwick's failure to attend such hearing may result in the Court entering a bench warrant directing the United States Marshal to pick up Bostwick, wherever he may be found, take him into custody and bring him immediately to the Court for further proceedings.

.

**Signed on June 16, 2017**

                        **/s/ Phillip J. Shefferly**
                        **Phillip J. Shefferly**
                        **United States Bankruptcy Judge**